**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 14-02058-VAP (SPx)                    Date: October 27, 2014

Title:        U.S. BANK N.A., ETC. -*v*- JOHN CRUZ, ET AL
================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| | |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                                          DEFENDANTS:

        None                                                  None

PROCEEDINGS:        MINUTE ORDER REMANDING CASE TO CALIFORNIA
                              SUPERIOR COURT, SAN BERNARDINO COUNTY (IN
                              CHAMBERS)

       On July 16, 2014, U.S. Bank N.A., ("Plaintiff") filed a "Complaint for Unlawful Detainer" against Defendants John Cruz and Walter Corpuz.  (See Complaint, included in Ex. B to Notice of Removal (Doc. No. 1).)  On October 6, 2014, Defendant Walter Corpuz ("Defendant") removed the action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332.  (See Not. of Removal.) For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                           Page 1

EDCV 14-02058-VAP (SPx)
U.S. BANK N.A., ETC. v. JOHN CRUZ, ET AL
MINUTE ORDER of October 28, 2014

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    Defendant alleges the basis for removal is federal question and diversity jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1332.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).

    Defendant first asserts that jurisdiction exists in this case under federal question jurisdiction because "violations of California Penal Code, FDCPA [the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq.], and RESPA [the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ] all . . . constitute federal questions."  (Not. of Removal at 3.)  As the Complaint in this matter raises a single claim for unlawful detainer and does not allege any facts related to FDCPA or RESPA, the Court must conclude that the Defendant intends to raise FDCPA and RESPA as a defense.

    Section 1331 confers jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The existence of a federal defense (by itself) does not, however, raise a federal question; it is therefore an insufficient basis to invoke federal question jurisdiction under 28

MINUTES FORM 11                                      Initials of Deputy Clerk ___md___
CIVIL -- GEN                          Page 2

EDCV 14-02058-VAP (SPx)
U.S. BANK N.A., ETC. v. JOHN CRUZ, ET AL
MINUTE ORDER of October 28, 2014

U.S.C. § 1331, and consequently cannot support removal of an action.  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987).  Similarly, Defendant's claim that the California Penal Code somehow confers federal jurisdiction is plainly meritless.

Though Defendant does not state it specifically, the Notice of Removal also appears to argue that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  (<u>See</u> Not. of Removal at 3.)  Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required.  <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978).  In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff."  <u>Id.</u>  Defendant failed to allege his own citizenship in the Notice of Removal.  (<u>See</u> Not. of Removal at 3 ("I, Defendant, am a *resident* of California.") (emphasis added).)  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  As the Notice of Removal only mentions Defendant's residence and not his citizenship, the Notice of Removal is insufficient to invoke the Court's diversity jurisdiction.

Even if Defendant's Notice of Removal did affirmatively allege the Defendant's citizenship, Defendant cannot meet the amount-in-controversy requirement.  In unlawful detainer actions, only the right to possession is at issue, not the title to the property.  <u>See</u> <u>Evans v. Superior Court</u>, 67 Cal. App. 3d 162, 170 (1977).  Thus, the amount-in-controversy is determined by the amount of damages sought in the complaint, rather than the value of the subject real property.  <u>Id.</u>

Plaintiff filed this action as a "limited jurisdiction" case, where the amount-in-controversy does not exceed $10,000.  (<u>See</u> Compl. at 1.)  As such, this case cannot meet the $75,000 amount-in-controversy requirement for diversity jurisdiction.  <u>See</u> 28 U.S.C. § 1332.

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                      Page 3

EDCV 14-02058-VAP (SPx)
U.S. BANK N.A., ETC. v. JOHN CRUZ, ET AL
MINUTE ORDER of October 28, 2014

     Thus, Defendant has not met his burden of establishing that the case is properly in federal court. <u>Gaus</u>, 980 F.2d at 566.  Accordingly, the Court VACATES the Scheduling Conference set for December 15, 2014 (<u>see</u> Doc. No. 6) and REMANDS this matter to the California Superior Court for the County of San Bernardino.

     **IT IS SO ORDERED.**